JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-CV-07182-RGK(MAAx) | Date | September 4, 2020 |
|---|---|---|---|
| Title | *VALERIE S. MALDONADO v. FCA US LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On June 30, 2020, Valerie Maldonado ("Plaintiff") filed a Complaint against FCA US, LLC and Autonation Chrysler Dodge Jeep Ram Valencia ("Defendants") alleging violations of the Song-Beverly Warranty Act and Fraud.

On August 10, 2020, Defendants removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 67 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, punitive damages, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendants argue that the sales contract for the vehicle was $41,537.30, and that including civil penalties, unspecified incidental and consequential damages, punitive damages, and attorneys' fees, the amount in controversy is well over the $75,000 threshold amount.

However, the Sales Contract, attached as Exhibit E to the Universal Declaration In Support of Defendant's Notice of Removal, indicates that Plaintiff purchased the vehicle under an installment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-CV-07182-RGK(MAAx) | Date | September 4, 2020 |
|---|---|---|---|
| Title | *VALERIE S. MALDONADO v. FCA US LLC, et al* | | |

contract. While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2  3. Here, there is there no indication as to how many miles Plaintiff drove the care prior to the first repair. Without such facts, the Court is left with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3. Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). Again, there are no facts indicating how many payments have already been made on the installment contract.

     As Defendants point out, Plaintiff would be entitled to civil penalties, punitive damages and attorneys' fees if the action succeeds. However, the Court finds that Defendants' inclusion of these amounts is similarly deficient. As to attorneys' fees, the Court finds that Defendants have not carried their burden of showing by a preponderance of the evidence the amount of future attorneys' fees. At best, Defendants have provided only speculation. As to civil penalties and punitive damages, such amounts are also speculative, and Defendants have not offered any evidence to support such an award.

     Accordingly, the Court is not satisfied that Defendants have satisfied their burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

     In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                :

Initials of Preparer                     SMO